ident of the plaintiff testified that Heller stated that he was acting for the defendants. This testimony was objected to, upon the ground that the plaintiff could not prove Heller's authority by Heller's declarations. It seems that, when this testimony was offered, it was clearly incompetent, as there was then no evidence at all of any authority for Heller to act for the defendants. The same witness subsequently testified that at a subsequent meeting he asked one of the defendants if he knew what Mr. Heller was doing in the matter, and if he knew there was a commission of $1,500 involved in the exchange, to be paid to the plaintiff, to which defendant said he did, and this defendant further said it was not necessary for the plaintiff's vice president to go over the entire transaction, and that Mr. Heller had explained the nature of the deal, and whatever Mr. Heller said and did was all right. There is no satisfactory evidence that the defendants ever authorized Heller to execute any such contract as he did execute; and this general statement of the defendants in relation to Heller's authority I do not think was sufficient to bind the defendants to pay commissions for a contract made with Heller, and not with the defendants, and which the defendants could not have enforced, and in which, so far as appears, the defendants had no interest. The plaintiff, however, was engaged as a real estate broker to represent Heller in the negotiations for the exchange of certain real property. Heller and the customer plaintiff produced executed a contract for the exchange of this property. This contract was made personally with Heller, and it was there provided that a commission of $1,500 was to be paid by Heller at the time of the closing, and it was also understood that there was to be no commission paid by the other party to the transaction. Notwithstanding this express provision in the contract, the plaintiff made an agreement with the purchaser produced by it, by which it was to be paid a commission of $850, to be taken out of the rent of the property conveyed to plaintiff's customer. It seems to me that this was clearly a fraud upon Heller, which would prevent plaintiff from recovering any commission from either the defendants or Heller. I therefore dissent.

McADAM, Appellant, v. NEW YORK CENT. & H. R. R. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. May 3, 1911.) Action by Alexander McAdam against the New York Central & Hudson River Railroad Company. No opinion. Judgment and order affirmed, with costs.

McCREERY, Appellant, v. HARRAL SOAP CO., Respondent. (Supreme Court, Appellate Division, Second Department. April 28, 1911.) Action by William A. McCreery against the Harral Soap Company.

PER CURIAM. The plaintiff's right to recover on the facts is clearly limited to the sum of $7.23. That fact was conceded, but overlooked on the first argument. As no power exists to correct the judgment in that regard, the judgment (141 App. Div. 922, 125 N. Y. Supp. 1129) is reversed on reargument, without costs, and a new trial ordered. See, also, 127 N. Y. Supp. 1130.

McFARLAND v. SHARKEY et al. (Supreme Court, Appellate Division, First Department. May 26, 1911.) Action by Mary McFarland against John T. Sharkey, as executor, etc., and others. No opinion. Motion to dismiss appeal denied, without costs. Order filed. See, also, 140 App. Div. 913, 125 N. Y. Supp. 1129.

In re McGINNESS. (Supreme Court, Appellate Division, Second Department. May 12, 1911.) In the matter of John J. McGinness, an attorney. No opinion. Motion granted, and reference ordered to Joseph E. Owens, Esq., to take testimony and report thereon, with his opinion. Edward A. Freshman, Esq., is assigned to conduct such proceedings.

McGLYNN, Respondent, v. PENNSYLVANIA STEEL CO., Appellant. (Supreme Court, Appellate Division, Second Department. May 5, 1911.) Action by John J. McGlynn against the Pennsylvania Steel Company. No opinion. Motion denied, without costs. See, also, 129 N. Y. Supp. 45.

McGOVERN, Appellant, v. LEIHY et al., Respondents. (Supreme Court, Appellate Division, First Department. May 5, 1911.) Action by James P. McGovern against Morgan P. Leihy and others. R. D. Whiting, for appellant. A. S. Andrews, for respondents. No opinion. Judgments affirmed, with costs. Order filed.

MACHLIN, Respondent, v. GRINBERG et al., Appellants. (Supreme Court, Appellate Division, First Department. May 19, 1911.) Action by Jacob Machlin against David Grinberg and others. H. P. Dworsky, for appellants. C. Goldzier, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

McKEE, Appellant, v. HACKNEY, Respondent. (Supreme Court, Appellate Division, Fourth Department. May 10, 1911.) Action by William J. McKee against William C. Hackney. No opinion. Order affirmed, with $10 costs and disbursements.

McMILLAN v. NEW YORK CENT. & H. R. R. CO. (Supreme Court, Appellate Division, Fourth Department. May 3, 1911.) Action by Cora J. McMillan, as administratrix, etc., against the New York Central & Hudson River Railroad Company. No opinion. Judgment and order affirmed, with costs.

McMILLAN, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. May 24, 1911.) Action by Cora J. McMillan, as administratrix, etc., against the New York